IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HANS G. HIGGINS,<br><br>     Plaintiff,<br><br>     vs.<br><br>JOE ARPAIO,<br><br>     Defendant. | )<br>)<br>)<br>)  CIV 07-00075 PHX PGR MEA<br>)<br>)  REPORT AND RECOMMENDATION<br>)      FOR DISMISSAL<br>)     WITHOUT PREJUDICE<br>)<br>) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Plaintiff filed his complaint on January 9, 2007. On February 21, 2007, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by March 13, 2007. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 120 days of the date the amended complaint was filed, by May 8, 2007, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil

Procedure. The civil docket in this matter indicates that Plaintiff has failed to return service packets to the Court, or acquire a waiver of service from Defendant or to complete service of process on Defendant.

On May 15, 2007, the Court allowed Plaintiff until June 29, 2007, to show cause why this case should not be dismissed for Plaintiff's failure to effect service of process on Defendant as required by the Court's order of February 21, 2007, and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to effect service of process on Defendant. The Order to Show Cause sent to Plaintiff at his last known address was not returned as undeliverable; Plaintiff did receive notice of the Court's intent to dismiss this matter.

**THEREFORE**, **IT IS RECOMMENDED that** this case be dismissed for Plaintiff's failure to serve the Defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any

1  factual or legal determinations of the Magistrate Judge will be
2  considered a waiver of a party's right to de novo appellate
3  consideration of the issues.  See United States v. Reyna-Tapia,
4  328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to
5  timely file objections to any factual or legal determinations of
6  the Magistrate Judge will constitute a waiver of a party's right
7  to appellate review of the findings of fact and conclusions of
8  law in an order or judgment entered pursuant to the
9  recommendation of the Magistrate Judge.

11       DATED this 19th day of July, 2007.

                        _____
                              Mark E. Aspey
                        United States Magistrate Judge